UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                              :
VAN DONGEN,                                :
                        Plaintiff,   :
                                              :
          -against-                 :      No. 11 Civ. 7320 (VSB)
                                              :
                                              :      FINAL JUDGMENT AND
CNINSURE INC. ET AL,             :     ORDER OF DISMISSAL WITH
                                              :           PREJUDICE
                          Defendants.  :
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/15/2014

VERNON S. BRODERICK, United States District Judge:

       This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated April 7, 2014, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement dated March 19, 2014 (the "Settlement Agreement").  Due and adequate notice having been given to the Class as required in said Order, and the Court having considered the arguments raised at a fairness hearing on July 9, 2014 and all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

       1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

       2. This Court has jurisdiction over the subject matter of the Action and over all Settling Parties to the Action, including all members of the Class.

       3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby certifies for purposes of settlement only, a Class defined as all Persons who purchased CNinsure Inc. ("Defendant" or "CNinsure" or the "Company") American Depositary Shares ("ADSs") during the period from March 2, 2010 through and including November 21, 2011.  Excluded from the Class are the Defendant, the Unserved Defendants, the officers and directors of CNinsure during the Class Period, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which the Defendant or an Unserved Defendant has or had a controlling interest.  As of the date of signing this Order no objections or requests for exclusions to the Settlement have been filed.

4. For purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that joinder of all Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

5. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

6. The Court has reviewed: "(1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation," *see City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and finds that the Settlement Agreement and Settlement are fair, reasonable, and adequate as to each of the Settling Parties pursuant to Rule 23 of the Federal Rules of Civil Procedure, that the Settlement Agreement and Settlement are hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

7. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof.  The Court hereby dismisses, as to the Defendant, the Action and all Released Claims of the Class with prejudice, without costs as to any of the Released Persons, except as and to the extent provided in the Settlement Agreement and herein.

8. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release.

9. Upon the Effective Date hereof, and as provided in the Settlement Agreement, each of the Released Persons shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action.

10. Upon the Effective Date hereof, and as provided in the Settlement Agreement, Lead Plaintiffs and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Persons and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action or the Released Claims.

11. Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

12. The Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing given to the Class in accordance with the Notice Order entered on April 7, 2014 was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

13. Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

14. Neither the Settlement Agreement nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Released Claim, or of any wrongdoing or

liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of: any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons arc or become parties; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The Settling Parties may file the Settlement Agreement and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Se1tlement Agreement, the Settlement, or the Judgment.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure

17. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof: is returned to the Defendant, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

19. The Court directs immediate entry of this Final Judgment by the Clerk of the Court.

SO ORDERED.

Dated: August 15, 2014
       New York, New York

Vernon S. Broderick
United States District Judge